WARNER, Judge,
dissenting.
Appellant claims venue is improper in Broward County. Based upon the portions of the record we have before us, I agree.
Appellant was sued as a director of a corporation. He is a resident of Lake County. He says the corporation’s principal office is in Orange County. Appellee filed an affidavit saying that the corporation maintained “an office” (not the principal office) in Broward County. The rest of appellee’s affidavit discussed how a different replevin action to obtain corporate documents held by appellee in Broward was filed in Broward County and that a contract was entered into in Broward County. If that sounds confusing, it confuses me too, especially when all of it relates to a completely different lawsuit.
The allegations against appellant in this lawsuit are “civil theft (corporate opportunity)”, which makes conclusory allegations that appellant usurped a corporate opportunity by self dealing and thus used property belonging to the corporation to deprive the corporation of its property, and of RICO violations based upon the same allegations. There are also counts for self dealing and claims for injunctive relief. However, nowhere does it allege a cause of action based on the replevin litigation, even though the affidavit says that the replevin action “serves as a basis of all litigation”.
There are no allegations as to where the causes of action actually alleged accrued, and since they deal with the taking of corporate property, they have a “place” of accrual. Appellees have not favored us with a brief or appendix. Thus, I conclude that they do not contest the facts of this appeal.
I would reverse because appellee has failed to bring the cause of action either in the county of residence of any defendant, where the cause of action accrued or where the property in this litigation is located. Section 47.011, Fla.Stat.